```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                          HAMMOND DIVISION


UNITED STATES OF AMERICA,      )
                               )
          v.                   ) CAUSE NO. 2:04 CR 102
                               )
DENNIS SPIVEY                  )
```

OPINION AND ORDER

This matter is before the court on the Motion to Sever Count 1 of the Indictment filed by the defendant, Dennis Spivey, on July 21, 2005.  For the reasons set forth below, the motion is **DENIED**.

Spivey is charged in a three count indictment.  In Count 1, it is alleged that Spivey, a convicted felon, was in possession of a firearm on October 30, 2003.  This weapon was discovered during the search of his residence.

In Count 2, it is alleged that Spivey was in possession of ammunition which was found in an abandoned SUV after a police chase.  Count 3 alleges that Spivey lied to the FBI when he was questioned about the January 2 police chase and the ammunition found in that vehicle.

In the pending motion, Spivey seeks a severance of Count 1 of the indictment.  He does not challenge a joint trial of Counts 2 and 3.

Under Federal Rule of Criminal Procedure 8(a), offenses may be joined if they "are of the same or similar character or based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme

or plan."  In determining whether joinder was proper, the court must focus on "the face of the indictment."  ***United States v. Hubbard***, 61 F.3d 1261, 1270 (7th Cir. 1995).  *See also* ***United States v. Lanas***, 324 F.3d 894, 897 (7th Cir. 2003).  Rule 8 must be "construed . . . broadly to allow liberal joinder in order to enhance judicial efficiency."  ***United States v. Stillo***, 57 F.3d 553, 556 (7th Cir. 1995).  *See also* ***United States v. Freland***, 141 F.3d 1223, 1226 (7th Cir. 1998).  "[A] defendant's preference is not a major concern when district judges consider joinder/severance issues because one trial, rather than several, is the rule, not the exception."  ***United States v. Arrington***, 159 F.3d 1069, 1072 (7th Cir. 1998).  Finally, the Seventh Circuit has required "an expansive interpretation of what constitutes a 'transaction' under Rule 8(a) . . ."  ***United States v. Woody***, 55 F.3d 1257, 1267 (7th Cir. 1995).

The requirements for joinder under Rule 8(a) are disjunctive:  joinder is appropriate if the offenses "are of the same or similar character" or if the offenses constitute "parts of a common scheme or plan."  In ***United States v. Alexander***, 135 F.3d 470 (7th Cir. 1998), the Seventh Circuit stated:

> The government responds that joinder was proper here because [the] various crimes were "of the same or similar character."  That is the broadest of the possible bases for joinder under Rule 8(a).  In [***United States v. Coleman***, 22 F.3d 126 (7th Cir. 1994)], we observed that the "same or similar character" requirement "is a rather clear directive to compare the offenses charged for categorical, not evidentiary, similarities."  Counts may be joined pursuant to this prong of the rule if the offenses "are of a like class," even

2

> if they are not temporally or evidentially related.  And the "same or similar character standard may be satisfied even if the offenses are not of identical statutory origin. (citations omitted)
>
> 135 F.3d at 476

See also *United States v. Turner*, 93 F.3d 276, 283 (7th Cir. 1996) ("the similarity of character of two offenses does not depend significantly upon their separation in time"); *Lanas*, 324 F.3d at 897 ("We have interpreted the language 'same series of acts or transactions' to mean 'acts or transactions that are pursuant to a common plan or scheme'").

Joinder of Counts 1 and 2 clearly is appropriate.  Spivey, a convicted felon, is charged with two separate violations of 18 U.S.C. ß922(g)(1).  These offenses "are of the same or similar character" in that the government is required to prove that a convicted felon was in possession of a handgun on one occasion and ammunition on a second occasion.

If joinder is appropriate, a defendant may request a severance under Federal Rule of Criminal Procedure 14 which provides:

> If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires . . . .

Spivey argues that "potential prejudice is apparent."  (Motion to Sever, p. 2)

The only argument advanced in support of a severance is that there is no evidentiary overlap between the two charges and that

3

Spivey would be prejudiced by evidence of an unrelated possession charge.  However, this argument contradicts the clear intent of Rule 8.  Spivey is not confronted with any potential prejudice distinct from any defendant who faces a trial on multiple counts in an indictment.  Because Rule 8 must be "construed . . . broadly to allow liberal joinder in order to enhance judicial efficiency," *Stillo*, 57 F.3d at 556, Spivey has not demonstrated the required showing of prejudice in order obtain a severance.

_____

For the foregoing reasons, the Motion to Sever Count 1 of the Indictment filed by the defendant, Dennis Spivey, on July 21, 2005 is **DENIED**.

ENTERED this 17th day of August, 2005

          s/ ANDREW P. RODOVICH
          United States Magistrate Judge